105 F.3d 664
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GLADSTONE SCHOOL DISTRICT, Plaintiff-Appellee,
v.
AM, Individually; RM, Parent,
Defendants-Counter-Claimants-Appellants.
 No. 95-35696.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1996.
Decided Dec. 23, 1996.
 
 Before: CANBY, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A.M. and his mother, R.M., appeal the district court's denial of their claim seeking reimbursement, under the Individuals with Disabilities Education Act (IDEA), for A.M.'s residential treatment. The district court had jurisdiction under 20 U.S.C. § 1415(e)(4). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * A.M. and R.M. contend that the district court erred in holding that Gladstone School District formulated an Individualized Education Program (IEP) that was reasonably calculated to enable A.M. to achieve educational benefit. We disagree.
 
 
 4
 Whether Gladstone's proposed IEP was a "free appropriate public education," as required under the IDEA, is a mixed question of law and fact reviewed de novo. W.G. v. Board of Trustees of Target Range Sch. Dist., No. 23, 960 F.2d 1479, 1483 (9th Cir.1992). "An 'appropriate' public education does not mean the absolutely best or 'potential-maximizing' education for the individual child." Gregory K. v. Longview Sch. Dist., 811 F.2d 1307, 1314 (9th Cir.1987) (quoting Hendrick Hudson Dist. Bd. of Ed. v. Rowley, 458 U.S. 176, 197 n. 21 (1982)). Instead, "states are obliged to provide 'a basic floor of opportunity' through a program 'individually designed to provide educational benefit.' " Id. "We must uphold the appropriateness of the District's placement if it was reasonably calculated to provide [A.M.] with educational benefits." Id.
 
 
 5
 Under Gladstone's IEP, A.M. progressed from third to fourth grade. A neutral evaluator, the Children's Program, noted improvements in A.M.'s emotional, behavioral, and social problems, permitting increased mainstreaming into regular classes. Under these circumstances, and in light of the District's efforts to accommodate A.M.'s needs, we cannot say that Gladstone's IEP was not reasonably calculated to enable A.M. to achieve educational benefit. Rowley, 458 U.S. at 207 n. 28; Capistrano Unified Sch. Dist. v. Wartenberg, 59 F.3d 884, 896 (9th Cir.1995) ("Academic success is a helpful guidepost in determining appropriateness of an educational setting in meeting a student['s] unique needs.").
 
 II
 
 6
 A.M. and R.M. argue that Gladstone's failure immediately to order a psychiatric evaluation resulted in a loss of educational opportunity, requiring reimbursement for A.M.'s alternative, residential placement.[1] In addition, they submit that support services (family counseling and individual counseling) were necessary and were not provided except in the residential placement for which they seek reimbursement. We disagree that A.M.'s ability to obtain educational benefit was affected on either account.
 
 
 7
 As we have held, A.M. was not denied a free appropriate public education (FAPE). Gladstone did not exclude R.M. from the educational process, but created an individualized program for A.M. by soliciting, and relying upon, R.M.'s input, including on the question of psychiatric evaluation.
 
 
 8
 Regardless of the availability of support services, A.M.'s residential placement was not educationally necessary; instead, it stemmed from A.M.'s psychological and emotional difficulties at home. The hearing officer found that residential placement was not necessary to A.M.'s FAPE, and A.M. and R.M. concede this is true. Since A.M.'s placement was necessitated by "medical, social, or emotional problems ... apart from the learning process," Gladstone is not obligated to pay for it. Clovis Unified Sch. Dist. v. Office of Admin. Hearings, 903 F.2d 635, 643, 645 (9th Cir.1990).
 
 
 9
 Because A.M. and R.M. did not appeal the hearing officer's determination that residential placement was not necessary, the district court did not abuse its discretion in disallowing supplemental evidence, 20 U.S.C. § 1415(e)(2), pertaining to the placement.
 
 III
 
 10
 In light of our disposition, A.M. and R.M.'s request for attorneys fees pursuant to 20 U.S.C. § 1415(e)(4)(B) was properly denied.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to consider A.M. and R.M.'s contentions that Gladstone also failed to hold a placement meeting after the October 9, 1991 IEP and that it failed to hold an IEP meeting to plan a summer program for A.M., as neither procedural challenge was raised before the administrative officer or the district court. Clyde K. v. Puyallup Sch. Dist. No. 3, 35 F.3d 1396, 1399 n. 4 (9th Cir.1994)